UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JONG SHIN

v                                   1:15 CIV. 07248 (RMB)

UNITED STATES

REQUEST FOR STATUS OF THE MOTION TO VACATE

The Petitioner, Ms. Jong Shin, respectfully submits this motion to request the status of the pending motion to vacate judgment, pursuant to 28 U.S.C. 2255 to vacate, correct and /or set aside the conviction, and sentence.

In October of 2015, Ms. Shin filed with the Honorable District court the 28 U.S.C 2255, the government's opposition was then later filed, followed by the Petitioner's rebuttal filed June of 2016.

The Petitioner's legal brief and further rebuttal were not only germane in it's representations but met the legally substantial burden to show proof of the fact that the judgment should be considered void, for the fact it lacked jurisdiction.

Further elements of the government defrauding the court by the "known to be false" representations of the government witnesses, planned to assist in the bolstering for federal jurisdiction. The government's further plan, was clearly designed to improperly influence the court in it's understanding of the actual facts of the instant case, it's judicial discretion, and most importantly the court's integrity that was breeched due to the Government's conspiracy to fabricate evidence and actually obstruct justice. The fraud defiled the court itself, whereby the judicial machinery could not perform in it's usual manner of it's impartial task of adjudging cases as presented for adjudication. See Hadges v Yonkers Racing Corp. 48 F 3d.1320,1325,(2dcir1995).Whereby fraud upon the court as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication "Gleason v Jandrucko. 860 F. 2d556,559 (2d cir 1988). This involves far more than an injury to an individual litigant, in this particular situation, the government mischaracterized the applicable law in order to maintain jurisdiction, and further fabricated applications were utilized to attempt to meet a standard of evidence which was intentionally scanned and altered.

In this request, for the overall status of the 2255, the Petitioner will briefly recap the outstanding legal basis

and merits for the filing of the 28 USCS 2255 with hopes that it will assist in expediting the final outcome imminently.

On a Government opposition, they state.." Shin nonetheless argues that she "did not violate federal law," because she did not submit a URLA to a federally insured bank. DB34-35." the government proceeds to falsely state.." Shin is incorrect. Given that there is no dispute that two fraudulent URLAs were submitted to JP Morgan Chase, a federally insured bank." This statement is false, Shin has never submitted a URLA to JPMorgan Chase and the fabricated applications not only remaining absent an original, but further have several indicating factors that prove they were produced to meet the jurisdictional burden to litigate the instant case. It is with the false applications the government asserted the violation of 18 U.S.C. 1014, 18 U.S.C.1349 and 18 U.S.C 1956.  To obtain a conviction under 18 USCS 1014, the government was required to prove beyond a reasonable of a doubt that the bank was insured by the Federal Deposit insurance Corporation (FDIC) U.S. v El-Ghazali 142 Fed.appx. 44; 2005 U.S.App lexis 14598. Once again, in U.S.v Bennet the conviction was vacated and remanded with the procedural posture of the sufficiency of evidence , that arose from a mortgage lender, arguing the bank was not a "financial institution" under 18 U.S.C.S. 20 (1) , 12 U.S.C.S. 1813(c)(2), where by defendant fraudulently procured funds from a lender, that lender was wholly owned by a bank but it was not a financial Institution under 18 U.S.C. 20(1) 12 U.S.C.S 1813 (c)(2) therefore the convictions were vacated.
 "Prior to 2009, the term "financial institution" was defined to include insured institutions of the FDIC but not mortgage lenders. Similarly, Section 1014 makes it a crime to knowingly make "any false statement or report....for the purpose of influencing in any way the action" of enumerated financial entities, which at the time the schemes were undertaken prior to 2009, included any institution the accounts of which are insured by the FDIC," id 1014, but again no mortgage lenders." United states v Bouchard 14-4156-cr. [ Conviction vacated.]
The "scheme to defraud" clause  requires that a defendant engage in a pattern or course of conduct to deceive a federally chartered or insured financial institution into releasing property by means of fraudulent pretenses, representations or promises. Of the acquisition transactions of Ms.Shin, all which were prior to FERA of 2009, were only transacted with SMB, a Mortgage Company, well known by the government.
At no time was she informed of the principal and practices of SMB, nor did she know any of the employees before applying for a loan. Upon the financing of her properties, Ms. Shin had considered to purchase several properties on the Atlantic City boardwalk. Upon applying for the first loan, the loan officer stated when she financed the property which was purchased for $250,000.; SMB promoted, if she resells the property SMB would like to finance the buyer but not for $250,000. only for $500,000. The Banker did not explain to this known real estate novice

any type of reasoning but it was that directive from the Mortgage company that dictated the price of the resales, which is consistently established in the transactions...Ms. Shin believed this was what is referred to as the "American Dream" being new to this Country and coming for that exact reason, a better life.

Further, In regards to the mortgage company's sales of loans, the timing, and representations of loans as well as the underwriting of loans. It now, is very well distinguished, whereby a loan that was sold by SMB to JP Morgan Chase, the Chase underwriter accepted the loans from SMB and later altered the loan documents and change all the pertinent disclosed information on Ms. Shins application to SMB. The chase underwriter, clearly for it's own personal advantages altered documents for their institution.

Whether this was a general practice between the two lenders is not now nor was it then of knowledge to the Petitioner. Basically what was achieved was the scheme of lenders to wrongfully advise and used their customers for their own purposes and then further used them as the "Fall Guys"...Again, informing a client that the mortgage company would be interested in the financing of the resale, but "Not for $250,000. but for a resale financing of $500,000."

Ms. Shin, who was referred to this mortgage company, had never been involved in Real-estate, was a new citizen of the United States and was deeply involved in the care for her terminally ill, only child, who passed away in 2010. Ms. Shin was a very vulnerable candidate for the lenders conspiracy, for the general naivety of the new citizen and her personal circumstances.

The government further failed to advance their theory based on true evidence regarding the critical element, the misrepresentations to a federally insured bank, which is the critical element for jurisdiction and for conviction of the federal charges.

All loan applications completed and submitted by Ms. Shin were only to Summit, SMB Mortgage company, she did not apply to nor sign any loan applications for JPMorgan Chase Bank.

In light of the large sentence imposed on Ms. Shin, as quoted by the government in an opposition "The District Court concluded that a guideline sentence would promote respect for the law and provide both specific and general deterrence", SA1167. Therefore the overwhelming mitigating circumstances were not applied in a potential determination of any downward departure.

"[I]n the absence of anything in the record to show the contrary, the presumption of law is that the court awarded sentence on the good count only" Id. at 50 (quotation marks omitted); United States v Duncan, 42 F.3d 97,105 (2cd cir 1994)

Due to the fact the sentencing was clearly based on false, legally insufficient and non evidenced charges,

caused by the government misleading the court, the sentence should be considered defunct.

Further, Due to the fact the Petitioner was convicted of filing false loan statements with a federally insured institution, in violation of 18 U.S.C 1014; therefore further referencing it as a conspiracy to commit wire fraud, in violation of 18 U.S.C 1349, the substantive counts by which the Petitioner as convicted alleged statements and actions all made to a federally insured institution, which is false and therefore should have the consideration of being vacated.

These assertions by the government and the wrongful charges are based on statements made to a non insured mortgage company, Summit Mortgage, as asserted in the indictment.

Based on United States v Frampton, 382 F. 3d 213, 224-25(2d cir. 2004) without a special verdict form demonstrating that the jury convicted on a theory not supported by sufficient evidence, this judgment should be void, and respectfully overturned by the Honorable Court.

The Petitioner, is anxious in awaiting the determination of the court and the lawful overturning of this wrongful conviction. The Petitioner maintains the direct evidence that proves the government conspired with a federal bank to attempt to meet the burden and legal standards for federal Jurisdiction. The Petitioner will further reveal the conspiracy if necessary, however believes she has met a sufficient legal standing to have the 2255 granted and the conviction and sentence vacated and /or corrected, based on the substantial claims currently before the Honorable court.

Therefore, It is with the utmost respect for the Honorable District Court, that the Petitioner requests a status of the decisions pending regarding the motion.

Respectfully Submitted,

_____ February, 8, 2017
Ms. Jong Shin  pro-se

Ms. Jong Shin # 61174-050
address; Danbury Federal Camp
　　　　33 1/2 Pembroke Rd.
　　　　Danbury Ct. 06811

61174-050
Jong Shin   Federal Prison Danbury Camp
Register # 61174-050
33 1/2 Pembroke RD
Federal Prison
Danbury, CT 06811-3099
United States



White Plains, NY
FEB 10 2017 PM

RECEIVED

FEB 14 2017

WILLIAM T. WALSH CLERK

61174-050
Us District Court
Att. Clerk
2797 PO BOX
Camden, NJ 08101
United States

Legal mail