RECEIVED
MAR 20 2017
AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY
-------------------------------------------------------------------X

JONG SHIN,
                Petitioner
  v.

UNITED STATES OF AMERICA,
                Respondent
-------------------------------------------------------------------X

15 CIV. 07248 (RMB)

MOTION FOR BAIL PENDING HABEAS CORPUS

      Petitioner Jong Shin (hereinafter referred to as "Shin"), pro se, hereby moves this Court for release Shin on bail pending review of her 28 U.S.C 2255 filed on October 1, 2015 and supplemental motion filed on June 30, 2016. Shin has raised substantial claims upon which she has a high probability of success and extraordinary circumstances, which make a grant of bail necessary to make the habeas remedy effective. Shin presents a most unusual factual and legal situation, one that fully justifies the exercise of discretion by this Court for interest of justice. As Shin is factually innocent of conviction of offense Shin's confinement is unlawful and entitled to an order that such confinement be ended. In Johnston v. Marsh, 227 F. 2d 528, 531(3d Cir. 1955)(the district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody.). In this case, prevailing on a 2255 motion will result in dismissal of the indictment with prejudice. Pursuant to Haines v. kerner, 404 U.S. 519, 520(1972), which directs a court to hold pro se litigants to less stringent standards than pleadings drafted by trained lawyers.

The applicable legal standard for this Instant case is Landano v. Rufferty, 970 F. 2d 1230, 1239(3d Cir. 1992), a third category of bail cases arises when the district court has pending, but has not yet decided, a petition for habeas corpus. In United States v. Smith, 835 F. 2d 1048, 1050(3d Cir. 1987), which presented such a situation, this court held that bail pending post-conviction habeas corpus review was available "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." See also Martin v. Solem, 801 F. 2d 324, 329(8th Cir. 1986)(applying same standard).

This Circuit held that there is precedent, including a direction by the Supreme Court, that affirms the authority of a federal court to grant bail to a state prisoner prior to ruling on the prisoner's petition for habeas corpus . Shuttlesworth, 369 U.S. 35, 7 L. Ed 2d 548, 82 S. Ct 551(1962)(per curium)(directing that after petitioner seeks bail from state court, district court should "proceed to hear and determine the cause, including any application for bail pending that court's final disposition of the matter"); see also In re Wainwright, 518 F. 2d 173, 174 (5th cir. 1975) (per curiam)("In spite of the lack of specific statutory authorization, it is within the inherent power of a District court of the united States to enlarge a state prisoner on bond pending hearing and decision on his application for writ of habeas corpus."). "some circumstances making [the request] exceptional and deserving of special treatment in the interests of justice." Aronson v. May, 85 S. Ct. at 5, 13 L. Ed. 2d 6.

## PRELIMINARY STATEMENT

The law and facts giving rise to this motion, set forth in greater detail below, are quite extraordinary. First, the District Court lacked subject matter jurisdiction to hear Shin's case. When a district court so obviously ignores the limits of its own jurisdiction and the clear directives of statutes, with the result that the petitioner was forced to endure an entire proceeding over which the court patently lacks jurisdiction, those extraordinary circumstances are present. Even if the petitioner were to prevail in the action in federal court, its victory would be a hollow one-the resulting judgment would be useless since it will have been rendered by a court lacking jurisdiction. Shin suffered from this clear error of law. See, e.g. Seedman v. United States District court, 837 F. 2d 413, 414(9th Cir. 1988).  Second, extraordinary circumstances may be presented where the district court's order was made without jurisdiction. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 87 I. Ed. 1185, 63 s. Ct. 938(1943). ON September 5, 2012, the district court's order was made without jurisdiction. Third, Shin's trial was so unfair that it resulted in a miscarriage of justice that Shin is factually innocent of conviction of offense, 18 U.S.C 1349, 1956(h) and 1014. There are multiple constitutional violations, ineffective assistance counsel, due process of law violations, including prosecutorial misconduct, the use of perjured testimony and making nonexistent and fraudulent evidences by the U.S Attorney's Office and  FBI agent Altieri. Shin is the victim of wholesale prosecutorial misconduct in connection with prosecution of her case. Here, Shin can prove by clear and convincing evidence, and, in their totality, this Court will find no doubt at all that the trial was corrupted from start to finish by prosecutorial misconduct.  U.S. Attorneys and FBI agent Altieri's conduct may constitute in violation of 18 U.S.C 1519: Destruction, alteration or falsification of records

in Federal investigation and bankruptcy ...Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States.... The District Court has inherent authority to displine attorney's for unprofessional conduct, see In re: Surrick, 338 F. 3d 224, 231(3d Cir. 2003).

 Most importantly, On September 23, 2011, Zhu's sentencing hearing(*Zhu was falsely charged with making false statement in loan application to JPM Chase Bank by the prosecution) AUSA Walk correctly admitted that there was NO EVIDENCE of JPM CHASE BANK loan application as statute 18 U.S.C 1014 constitutionally required( Sen.Tr. at 29) as follow:


   THE COURT: Mr. Walk, before I ask the defendant how she pleads, are there any questions that I failed to ask or any advice of rights questions I failed to ask ?
   MR. WALK : No, your Honor. I DON'T BELIEVE YOUR HONOR HAS FOUND ON THE RECORD THERE IS A SUFFICIENT FACTUAL BASIS FOR THE PLEA, but as far as the advice of rights, that has been established.(Exhibit A)
   Shin's jury verdict does not match what was charged in the Superseding Indictment.

        FACTUAL AND PROCEDURAL HISTORY

On April 20, 2011, a federal grand jury sitting in Camden, New Jersey, returned a four count Superseding Indictment against Shin and Zhu. From in or about June 2006 through in or about December 2006..Count One charged Shin and Zhu with conspiracy to commit wire fraud, in violation of 18 U.S.C 1349,for defrauding Summit Mortgage bankers("SMB") a mortgage brokerage firm. Count Two charged Shin with conspiracy to commit money laundering, in violation of 18 U.S.C 1956(h). Count Three( for 136 South Bellevue) and Four(for 1929 Blaine ave) charged Shin and Zhu with makii the mortgage applications to "SMB" a mortgage brokerage firm, in violation of 18 U.S.C 1014 and 2.

On October 13, 2011, the jury found Shin guilty of all charges.

On October 27, 2011, Shin moved for a judgment of acquittal on all counts, pursuant to Federal Rule of Criminal Procedure 29(c).

On April 18, 2012, the district court denied it by Opinion and Order.

On September, 5, 2012, Shin was sentenced with 186 months.

On March 19, 2014 the U.S. Court of Appeals for the Third Circuit denied Shin's appeal and affirmed her conviction.

On October 6, 2014 the supreme Court denied the writ .

On October 1, 2015, Shin timely filed Motion to Vacate Judgment Pursuant to 28 U.S.C. 2255

On March 30, 2016, the Government filed opposition motion

On June 30, 2016, Shin filed Supplemental 2255 motion.

## ARGUMENT

### POINT I

### THE DISTRICT COURT LACKED SUBJECT MATTER JURISDICTION

1. The Facts

Shin argued in her 28 U.S.C 2255 motion that the District Court lacked subject matter jurisdiction over the Superseding Indictment of all Counts. A Court retains subject matter jurisdiction over a defendant accused of violating 18 U.S.C 1014 if the indictment allege that defendant made false statement in loan application to a bank, bank was insured by the FDIC. Federal jurisdiction depends on proof of FDIC status. Shin's jurisdictionally defective Superseding Indictment alleged under Counts One, Three and Four, in or about June 2006 to December 2006, Shin and Zhu made false statements in loan application to Summit Mortgage bankers("SMB") a mortgage brokerage firm. Simply put, because SMB is not a FDIC insured bank the District Court lacked subject matter jurisdiction to hear her case. At trial, the Government proved these facts as charged in the Superseding Indictment(Tr. at 991, Exh. 160B, 151, 621A, 621B all SMB loan applications). The Government's witness FBI agent Altieri testified SMB is not a depository(Tr. at 317).

2. The Law

Section 1014 provides, in relevant part, that "[w]hoever knowingly makes any false statement or report...for the purpose of influencing in any way the account of ..any institution the accounts of which are insured by the Federal Deposit Insurance Corporation, upon any ...loan ...shall be fined not more than $1, 000, 000 or imprisoned not more than 30 years, or both." Denying Shin's motion for judgment of Acquittal, this Court cited United States v. Sabarese, No 93-457, 19194 U.S. Dist. LEXUS 6423(E.D. Pa. May 18, 1994)(listing elements of 18 U.S.C 1014). The elements the government must prove beyond a reasonable doubt are:

(1) That the defendant made false statement upon an application to a bank for a loan and that the false statement concerned a material fact;(2) That the defendant made the false statement knowingly;(3) That the false statement was made for the purpose of influencing the bank's actions on the loan application and (4) that false statement was made in connection with a loan applications to a savings and loan, the deposits of which were then insured by the Federal Saving and Loan Insurance Corporation.

United States v. El-Ghazali, 142 Fed. Appx. 44(3d Cir. 2005)(18 U.S.C 1014 prohibits "making any false statement or report...for the purpose of influencing in any way the action of ...any institution the accounts of which

are insured by the Federal Depository Insurance Corporation." 'Proof of [FDIC-insured] status is not a mere formality; it is an essential element of the federal offense....indeed, federal jurisdiction depends on this status."United States v. Platenburg, 657, F2d 797, 799(5th cir. 1981);see also United States v. Schultz, 17 F. 3d 723, 725(5th Cir. 19940(same). See also United States v. Thompson, 811 F. 2d 841, 844(5th Cir. 1987)(finding that under 18 U.S.C 1014, which criminals the making false statements to a bank, the federal insured status of the victim institution is just a jurisdictional requirement and not a knowledge element of the offense). "proof of federally insured-insured status of the affected institution is, for both section 1344 and section 1014, a jurisdictional prerequisite as well as an element of the substantive crime."United States v. Ali, 266 F.3d 1242(9th Cir. 2001).

## POINT II

**BECAUSE THE GOVERNMENT INTRODUCED PERJURED TESTIMONY, FAILED TO CORRECT PERJURED TESTIMONY AND ARGUED FACTS IT KNEW TO BE UNTRUE, JONG SHIN'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW WAS VIOLATED**

Since the Supreme Court decided Mooney v. Holohan, 294 U.S. 103, 79 L. Ed. 791, 55 S.Ct. 340(1935), it has been firmly established that the prosecution's knowing use of perjured testimony, or of fabricated evidence, as well as its failure to take remedial measures to mitigate the damaging effects of such testimony and evidence, violates the Fourteenth Amendment's Due Process Clause. See, e.g., Miller v. Pate, 386 U.S. Ct. 785(1967)(habeas relief granted where prosecution misrepresented a pair of "bloody" shorts that were actually covered with paint); Pyle v. Kansas, 317 U.S. 213, 216, 87 l. Ed. 214, 63 S. Ct. 177(1942)(habeas corpus granted where conviction was obtained on perjured testimony and on suppressed favorable evidence); Alcota v. Texas, 355 U.S. 28, 31-32, 2 L. Ed. 2d 9, 78 S. Ct. 103 (1957)(habeas relief granted where the prosecution knowingly allowed its witness to testify falsely regarding his romantic relationship with the victim).

Shin's convictions must be reversed because of prosecutorial misconduct .

## POINT III

**SHIN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN TRIAL COUNSEL FAILED TO OB TO THE CONSTRUCTIVE AMENDMENT OF THE INDICTMENT COUNTS ONE, THREE AND FOUR**

Trial counsel was ineffective for failing to object when the district court committed constructive amendment of the indictment by instructing the jury on find Shin made false statement to JPM Chase Bank that was not alleged in the Counts 3 and 4 of the indictment, which were per se reversible under harmless error review, were presumptively prejudicial under plain error review. See United States v. Syme, 276 F. 3d 131(3d Cir. 2002).

SHIN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRAIL COUNSEL FAILED TO INTERVIEW, SUBPOENA EMPLOYEES OF JPM CHASE BANK UNDERWRITERS WHO WERE INVOLVED IN THE PROCESS OF LOANS

POINT V

THE GOVERNMENT FAILED TO PROVE COUNTS ONE, THREE AND FOUR

POINT VI

SHIN RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

CONCLUSION

WHEREFORE, for the reasons stated, Shin moves this Court for an order releasing her on bail pending a determination of this Court.

CERTIFICATE OF SERVICE

On March 13, 2017, I, Jong Shin, caused copies of this motion mailed to Diana Carrig and David Walk, Assistant United States Attorney, United States Attorney's Office at 401 market st. PO BOX 2098, Camden, NJ 08101

I hereby certify that foregoing statements made by me are true. I am further aware that if any of foregoing statements made by me are willfully false, I may be subject to punishment.

Respectfully Submitted,

Jong Shin #61174-050
Federal prison Danbury camp
33 1/2 Pembroke Rd
Danbury, CT 06811

Dated : March 13, 2017.

1

Exh. A

```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY


UNITED STATES OF AMERICA

           -vs-                     CRIMINAL NUMBER:

ESTER ZHU,                          10-cv-208

           Defendant.               PLEA OF GUILTY


           Mitchell H. Cohen United States Courthouse
           One John F. Gerry Plaza
           Camden, New Jersey 08101
           September 23, 2011

B E F O R E:        THE HONORABLE RENÉE MARIE BUMB
                    UNITED STATES DISTRICT JUDGE



A P P E A R A N C E S:


     Paul J. Fishman, United States Attorney
     By:  R. David walk, Jr., Asst. United States Attorney
          Diana V. Carrig, Asst. United States Attorney


     Paul A. Goldberger, Esquire
     Attorney for the Defendant







     Certified as true and correct as required by Title 28,
     U.S.C., Section 753.
                       /S/ Theodore M. Formaroli

                         United States District Court
                            Camden, New Jersey
```

```
 1  she said today.
 2          THE COURT:  Okay.  Thank you.
 3          Ms. Zhu, when you submitted the loan application on
 4  October 18th of 2006 to J. P. Morgan Chase, do you agree that
 5  at that time J. P. Morgan Chase Bank was a financial
 6  institution, the accounts of which were insured by the Federal
 7  Deposit Insurance Corporation?
 8          (Counsel and the defendant conferred.)
 9          THE DEFENDANT:  Yes.
10          THE COURT:  Do you agree with all of the stipulations
11  contained in Schedule A of your plea agreement?
12          THE DEFENDANT:  Yes.
13          THE COURT:  Mr. Walk, before I ask the defendant how
14  she pleads, are there any questions that I failed to ask or
15  any advice of rights questions I failed to ask?
16          MR. WALK:  No, your Honor.  I don't believe your
17  Honor has found on the record there is a sufficient factual
18  basis for the plea, but as far as the advice of rights, that
19  has been established.
20          THE COURT:  Okay.  Are you aware of any, Mr.
21  Goldberger, that I should ask?
22          MR. GOLDBERGER:  No, your Honor.  I think you've done
23  a very thorough job of asking her.
24          THE COURT:  Ms. Zhu, how do you plead to Counts 3 and
25  4 of the superseding indictment?
```

61174-050
Jong Shin
Register # 61174-050
33 1/2 Pembroke RD
Federal Prison Danbury Camp
Danbury, CT 06811-3099
United States



RECEIVED

MAR 20 2017

AT 8:30
WILLIAM T WALSH CLERK

61174-050
Us District Court
Att. Clerk
2797 PO BOX
Camden, NJ 08101
United States

Legal mail