

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| *Diana Vondra Carrig* | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE   856/757-5026 |
| *Assistant United States Attorney* | *401 Market Street, 4th Floor*   Fax: 856/968-4917 |
| | *Post Office Box 2098*   *Direct Dial: 856/968-4927* |
| | *Camden NJ  08101-2098* |

April 7, 2017

**HAND-DELIVERED AND FILED ON ECF**
Hon. Renée Marie Bumb
United States District Judge
Mitchell H. Cohen Building & U.S. Courthouse
One John F. Gerry Plaza
Camden, NJ 08102

      Jong Shin v. United States of America, Civil No. 15-7248 (RMB)

Dear Judge Bumb:

      Please accept this letter in opposition to Jong Shin's request for bail pending the resolution of her habeas corpus petition (Docket No. 22).

      Although the Court has the inherent power to grant bail to habeas corpus petitioners, such power should be "exercised very sparingly." *United States v. Golomb*, 2017 WL 105958 at *2 (M.D. Pa. Jan. 1, 2017) (*quoting United States v. Kelly*, 1993 WL 86447 at *4 (E.D. Pa. Mar. 23, 1993)). Specifically, bail should be granted "only when the petitioner has raised substantial claims upon which he [or she] has a high probability of success or exceptional circumstances exist which make a grant of bail necessary to make the habeas remedy effective." *See Pelullo v. United States*, 487 F. App'x 1, 3 (3d Cir. 2012) (*quoting Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992)). "Extraordinary circumstances" are rarely found and have been held to include the grave illness of the petitioner or "the impending completion of the prisoner's sentence." *Landano*, 970 F.2d at 1239; *Johnston v. Marsh*, 227 F.2d 528 (3d Cir. 1955) (granting petitioner bail on the condition he enter a hospital and seek necessary medical care); *see also Telfair v. United States*, 2016 WL 632225 at *25 (D.N.J. Feb. 17, 2016).

      In this case, Shin meets neither standard. As fully discussed in the Government's response to Shin's 2255 petition (Docket No. 9), Shin's petition lacks merit. Therefore, she does not stand a "high probability of success."

      In addition, Shin has cited no "extraordinary" or "exceptional" conditions that would warrant the granting of bail. Rather, she has simply rehashed the arguments contained in

her 2255 petition, claiming that: (1) the Court lacked subject matter jurisdiction over her criminal case; and (2) her trial was "so unfair that it resulted in a miscarriage of justice [because] Shin is factually innocent." Shin's Motion at 2.

As the Court is aware, Shin was convicted at trial of orchestrating mortgage fraud and money laundering conspiracies and making fraudulent statements to a federally insured bank, in violation of 18 U.S.C. §§ 1349, 1956(h) and 1014, respectively. The charges stemmed from Shin's purchase and sale of seven properties in the Atlantic City, New Jersey area to unqualified straw purchasers based upon fraudulent representations contained in mortgage applications, HUD-1 forms and property appraisals, all of which resulted in more than $1 million in profits to Shin. There is no question that the Court properly had subject matter jurisdiction over these criminal offenses. *See, e.g.,* 18 U.S.C. § 3231 (the United States District Court for the District of New Jersey has "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States").

Neither is Shin factually innocent of the charges. In addition to the mountain of evidence introduced against Shin at trial, Shin gave a lengthy proffer admitting her involvement in every aspect of the offenses.

Accordingly, the Government respectfully requests that the Court deny Shin's motion for bail. A proposed form of order is attached to this response for the Court's convenience.

        Respectfully yours,

        WILLIAM E. FITZPATRICK
        Acting United States Attorney

        /s/ Diana Vondra Carrig
By:  DIANA VONDRA CARRIG
      R. DAVID WALK, JR.
      Assistant U.S. Attorneys

cc: Jong Shin, Reg. No. 61174-050, Federal Prison Danbury Camp, 33½ Pembroke Road, Danbury, Connecticut 06811

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| JONG SHIN | : | |
| | | Civil No. 15-7248 (RMB) |
| v. | : | |
| UNITED STATES OF AMERICA | : | |

**ORDER**

Jong Shin filed a motion for bail pending the decision on her habeas corpus petition on March 20, 2017 (Docket No. 22). The Government filed a response opposing that motion on April 5, 2017 (Docket No. 23). After reviewing the submissions of the parties, the Court has determined that Petitioner has failed meet the standard for bail pending the resolution of her petition, that is, Petitioner has failed to establish either substantial claims upon which she has a high probability of success, or other exceptional circumstances. Accordingly, for good cause shown,

It is on this _____ day of April, 2017,

**ORDERED** that Petitioner's motion for bail (Docket No. 22) is DENIED; and it is further

**ORDERED** that the Clerk shall serve this Order upon the defendant by regular U.S. Mail, to Petitioner's most recent address: Jong Shin, Reg. No. 61174-050, Federal Prison Danbury Camp, 33½ Pembroke Road, Danbury, Connecticut 06811.

_____
HON. RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE