UNITED STATES

v                              CIV NO. 15-7248

JONG SHIN

### PETITIONER'S REBUTTAL OF GOVERNMENT'S OPPOSITION FOR BAIL PENDING FINAL DISPOSITION

RECEIVED APR 24 2017 AT 8:30 WILLIAM T. WALSH CLERK

The court absolutely has the inherent power to grant bail to the habeas Petitioner pending the final disposition of Ms. Shin's case before the Honorable Court.

The government is incorrect in it's opposition whereby the only reasoning and fact presented to the court is a conviction of mortgage fraud. The government states that Ms. Shin orchestrated the purchase and sale of seven properties in making false statements to a federally insured bank, which is entirely false.

Ms. Shin has brought forth the facts and the physical evidence that proves the government had absolutely no executed and submitted URLA for an FDIC insured bank. Ms. Shin was a victim of the lender's representations while the government had knowledge of the lack of physical evidence of the Chase Bank URLA's.

In the government's opposition, the government's 1st paragraph to the court states that it affirms the law whereby the court is to grant bail to habeas petitioners, stating to be "exercised sparingly", reciting United States v Golomb 2017, WL 105958 at *2-(M.D.Pa.Jan.1 2017) quoting United States v Kelly 1993 WL 86 447 at *4 (E.D. Pa. Mar. 23, 1993) The government further states what does meet Ms. Shin's legal standard that has been presented to the court. It states specifically, "all should be granted only when a petitioner has raised substantial claims upon which he or she has high probability of success, which makes a grant of bail necessary to make habeas remedy effective." Pellulo v, U.S. 487 F Appx 1,3(3d cir.2012) quoting Landon v Rafferty, 970 F 2d, 1230,1239,(3dcir.1992)

Ms. Shin has not only raised substantial claims that absolutely meet the criteria for release, she further has provided proof that absolutely not a single URLA was executed and submitted to an FDIC lender insured institution. Not only should the conviction be overturned timely, Ms. Shin intends to proceed to submit and present the facts and evidence respectfully to every court necessary and further authorities until a rightful decision of the overturning of the conviction is issued.

Further the correct acknowledgement of both the fraud to the court by Chase and the government, along with the altered documents by the lender's underwriters of both SMB and Chase are essential. The further culmination

of the evidence that was altered and fabricated along with the false testimony which proved to eventually become contradicting sworn testimony. False testimony to a grand jury, followed by sworn testimony by the same witness at trial, whereby the false testimony also caused a wrongful indictment (Altieri Testimony)

A time line of facts and testimony statements of contradiction provide the inconsistency in the government's allegations and are undeniable proof of a faltered case of conviction. The conviction was caused by false and misleading evidence presented to the Honorable Court and the Jury.

The 2cd paragraph of the government's opposition states Ms. Shin's 2255 lacks merit, a supplement of false evidence dated April 8, 2017 provides further proof and cooberation of the 2255 accuracy and merit. It also establishes the government's ploy to protect J PMorgan Bank as insufficient and fraudulent.

Chase is far from a victim, it's employed representatives were perpetrators. The fraudulent and misleading complaint of J PMorgan Chase Bank was not only deceiving but was initiated to place a focus on the borrower to distract it from the cause and liability due to the bank representatives D.Davis and A.Keough along with S.M.B 's representative, Ms. Zhu.

The J PMorgan Bank manipulated the information in the underwriting to accept in an abundance of applications and have the numbers meet the criteria to later assign them to other lenders, and collect fees and profits.

Ms. Shin applied only to SMB as did the buyers of the properties. The principal and Practice of SMB along with that of Chase underwriters were not only, Not of understanding, they were not of any disclosed plan, nor criteria of Ms. Shin's or the buyers loans.

The unknown conspiracy between lender representatives being the mortgage brokers and Chase representatives were clearly working a system of their own which was later covered up by supervisors. Whether this was an ongoing principal practice and ongoing cover up by Chase superiors is unknown, however it was clearly a Practice of this instance.

The government primary case law cites United States v Golomb which on the onset does not meet the bail motion criteria based on the charges of bank robbery. The charges initially fall under the category of a violent offender, and further is of prior convictions whereby he immediately meets flight risk and fails to meet the necessary habeas principal legal standards based on the criminal history and the criminal act category. Therefore immediately the case law is not prevailing and does not have any impact on the current motion before the court. Further the government failed to recite what the case law was raising for the point of precedent. The balance of the case law comment regarding release on bail " of it's power to be used sparingly "stating U.S.v

substantial constitutional claims of which has a high probability of success. Golomb raised his "extraordinary circumstance" to justify a release on bail specifically arguing he would be released from prison if the 2255 was successful. This claim did not meet the standard and criteria of a substantial claim to be considered.

The statute distinguishes between two categories of crimes determined eligibility for release pending a final outcome. The first category applies to the defendant's convicted of crimes Not listed in section 3142 (f)(I)(A)(B) and (C) and allows for release. The second category mandates detention for persons found guilty of crimes encompassed in section 3142 (f)(I)(A)(B) and (C) which are respectively Crimes of Violence, Offenses with maximum sentences of life in prison or death, and Drug offenses carrying maximum sentences. (See Ms. Shin's bail motion which recites the legal criteria implicitly.)

The Petitioner has supplies the court with an abundance of accurate, relative and pertinent case law that is clearly the case law followed accordingly in making a release on bail pending a final disposition.

The government in similarity to it's historically far reaching efforts to succeed in the instant case, did not meet the standard for the Government's success of it's conviction. The government used false and misleading information to achieve their goal. Here, in the government's opposition it used case law that had no measurable equations to the instant case before the court.

Again in the other case law recited by the government, was another case that on the first onset does not meet the bail criteria, again being an act of violence. Further the case law court did not apply the claim made by the defendant as a substantial claim. The case laws petitioner's claim was that the use of a blackjack in the beating was not foreseeable ...hardly a substantial claim and hardly case law that meets the subject matter authority for the instant case.

Once again the government has not met the burden necessary in their opposition for the court to agree to their denial request of Ms. Shin's bail pending the final disposition. The government did willfully and knowingly present false evidence and testimony before the court and jury.

A timeline and Statement presentation exemplary of government witness' contradictory statements reverberate the necessity to release Ms. Shin immediately while investigating the wrongful acts and formulating the newly submitted evidence that supports the Petitioner's claims and overturning of the wrongful conviction.

Ms. Shin has met the standard of substantial claims and has set forth compelling evidence and the conflicting sworn testimony by government witnesses that discredit their case and wrongful result of a conviction.

Ms. Shin has focused to bring forth to the court and authorities the factual and evidential information

that affirms not only was the court without jurisdiction, had the truth been presented before the court, but Ms. Shin is not guilty of the federal counts and actions charged.

It is with the aforementioned facts and law and further with the utmost respect of the Court, Ms. Shin continue requests an immediate denial of the government's opposition and continues to request her motion for immediate release from her illegal incarceration while awaiting a timely decision for her instant case of conviction to be overturned and judgment vacated accordingly by the court.

*Ms. Jony Shin*

Certification of Service

I hereby certify that a copy of the foregoing document was sent on April 12, 2017

to the following:

_____
Ms. Jong Shin

⇔61174-050⇔
Jong Shin
Register # 61174-050
33 1/2 Pembroke RD
Federal Prison
Danbury, CT 06811-3099
United States



RECEIVED

APR 24 2017

AT 8:30_____M
WILLIAM T. WALSH CLERK

⇔61174-050⇔
Us District Court
Att. Clerk
2797 PO BOX
Camden, NJ 08101
United States